RICHARD GASTIGER, an Infant under Fourteen Years, by ALEXANDER GASTIGER, His Guardian ad Litem, Respondent, *v.* ISAAC HOROWITZ, Appellant.

Second Department, April 29, 1927.

Negligence — action to recover damages for broken arm — evidence — error to permit X-ray specialist to testify from notes concerning X-ray plate examined by him while plaintiff was in hospital — no proper preliminary proof — said error immaterial.

In an action to recover damages for a broken arm it was error for the court to permit an X-ray specialist to testify from notes as to the result of an exami-

nation of an X-ray plate which was examined by the specialist while the plaintiff was in the hospital, for there was no evidence to show that the specialist took the picture, nor was there any evidence to show whether or not the plate presented was a plate showing the condition of the plaintiff's arm, and in fact there was no preliminary proof.

However, the error is immaterial and the judgment should be affirmed, since there was other uncontradicted evidence that the plaintiff's arm was broken, which was the only question toward which the witness' testimony was directed.

APPEAL by the defendant, Isaac Horowitz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of October, 1926, upon the verdict of a jury for $3,000, and also, as stated in the notice of appeal, from an order entered in the trial minutes of the court, denying defendant's motion for a new trial made upon the minutes.

*James G. Purdy* [*Arthur K. Wing* with him on the brief], for the appellant.

*Ralph G. Barclay* [*Sidney Gondelman* with him on the brief], for the respondent.

KELLY, P. J.   While we agree with the appellant that the learned trial justice erred in allowing the X-ray specialist to testify from his notes concerning an X-ray plate examined by him while the boy was at the hospital, we think we should affirm the judgment.   Of course, the physician should not have been allowed to testify to the result of his examination of the plate.   He made no claim that he took the picture, or that he had ever seen the boy.   The plate was not produced, its absence was not satisfactorily accounted for.   The persons who took the picture were not called.   The witness said the plate he examined had on it the name of the plaintiff and a number; he examined it and made notes of his examination, and, over defendant's objection and exception, he was allowed to tell what the photograph showed, and defendant's motion to strike out the evidence was denied.   This was all wrong.   But all the doctor's evidence amounted to was that this unidentified X-ray plate showed a broken arm.   There was no dispute on the evidence that the boy's arm was broken.   The fact was established by other competent testimony from doctors who examined the boy. The defendant's physician, who examined the boy, found evidence of a break.   The trial justice charged the jury without objection or exception that the boy's arm had been broken.   It is conceded by appellant that there was an issue of fact for the jury as to defendant's negligence and absence of contributory negligence; there is no claim, nor could it well be made, that the verdict is against the evidence or that the damages awarded are excessive.

We can see no good reason for reversing the judgment because of the error of the trial justice in admitting the incompetent evidence of the X-ray expert.

The judgment and order denying motion to set aside the verdict should be affirmed, without costs, pursuant to Civil Practice Act, section 106.

Present — KELLY, P. J., MANNING, YOUNG, KAPPER and HAGARTY, JJ.

Judgment and order denying motion to set aside verdict unanimously affirmed, without costs, pursuant to Civil Practice Act, section 106.